(C. D. 995)

RUDOLF SCHICK v. UNITED STATES

United States Customs Court, Second Division

(Decided April 5, 1946)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

KINCHELOE, Judge: The merchandise in controversy is described on the invoice as "anatomical charts." They were classified under the *eo nomine* provision for charts in paragraph 1410 of the Tariff Act of 1930, and duty was assessed thereon at the rate of 20 per centum ad valorem under said paragraph, as modified by the trade agreement with the United Kingdom (T. D. 49753). The merchandise is claimed to be dutiable under paragraph 1406 of said act at 30 cents per pound, as lithographically printed articles not specially provided for, not exceeding twelve one-thousandths of 1 inch in thickness.

A sample of the merchandise was introduced in evidence by the plaintiff and marked "Exhibit 1." This consists of a paper chart, 35 by 45 inches in dimensions, on which are lithographed nine figures or colored pictures of the larynx, pharynx, mouth, and throat, with key numbers and explanations to illustrate and describe the common diseases of the throat.

At the hearing it was agreed between counsel on both sides that the merchandise in question consists of charts that have been lithographically printed, and that they are under twelve one-thousandths of 1 inch in thickness.

There seems to be a long line of decisions in which lithographically printed charts have been held dutiable under the *eo nomine* tariff provision for "charts" rather than under the descriptive provision for lithographically printed articles not specially provided for. In Abstract 13758 (12 Treas. Dec. 633) anatomical charts lithographically printed were held more specifically provided for under the *eo nomine* provision for "charts" in paragraph 403 of the Tariff Act of 1897 than under the provision for lithographic prints in paragraph 400.

In Abstract 22164 (18 Treas. Dec. 302) sheets of cardboard printed and cut out, having some metal parts superimposed and arranged to illustrate the working of a high-tension magneto, were held to be

dutiable as "charts" under paragraph 403 of the Tariff Act of 1897, as claimed by the importers, and not dutiable as manufactures of metal.

In *Shelton & Co.* v. *United States*, 4 Ct. Cust. Appls. 42, T. D. 33265, paper articles lithographically printed in a pictorial manner illustrating the outline, form, and mechanical features of either a locomotive or an automobile, were held dutiable as "charts" under the *eo nomine* provision therefor in paragraph 416 of the Tariff Act of 1909, as assessed, and not dutiable as articles of paper lithographically printed under paragraph 412.

Also in Abstract 23663 (19 Treas. Dec. 756) the *eo nomine* provision for "maps" in paragraph 416 of the same act of 1909 was likewise held to be narrower and more specific than that for articles of paper lithographically printed, and that lithographically printed maps were therefore classifiable as maps.

Under the Tariff Act of 1913, in T. D. 38679 (G. A. 8422), 39 Treas. Dec. 206, anatomical charts lithographically printed on paper were again held properly dutiable under the specific provision for "charts" in paragraph 329, rather than under the provisions of paragraph 325 as lithographic prints. In so doing, this court (then the General Board of Appraisers) stated:

As we read the present paragraph 325, it is substantially a reenactment of the provisions of paragraph 412 of the act of 1909. Certainly, the changes made therein are not indicative of a Congressional intent to overcome the effect of the decisions above referred to holding lithographic charts to be excluded from the paragraph. This is equally true concerning the present paragraph 329. Its terms are substantially those of its predecessor paragraph 416 of the act of 1909. In view of the decisions prevailing at the time of its enactment, it is reasonable to believe that Congress, if it had so intended, would have made clear its purpose to exclude lithographic maps and charts from the present paragraph 329. That it made no effort so to do is significant of an intention to leave the two paragraphs with the meaning placed thereon by this board and the court.

In Abstract 50935 (49 Treas. Dec. 1079) lithographically printed charts were again held dutiable as "charts" under paragraph 1310 of the Tariff Act of 1922, and not as lithographic prints under paragraph 1306.

Under the Tariff Act of 1930 anatomical charts were again held dutiable under the *eo nomine* provision for "charts" in paragraph 1410, as classified, and not dutiable as articles lithographically printed under paragraph 1406, as claimed.

In *Keith Dunham Co.* v. *United States*, 26 C. C. P. A. 250, C. A. D. 24, the court said at page 253:

The use of Summaries of Tariff Information as an aid in ascertaining legislative intent has long been the custom of this court. *United States* v. *Anderson & Co.*, 2 Ct. Cust. Appls. 350, T. D. 32080; *American Import Co.* v. *United States*, 25 C. C. P A. (Customs) 231, T. D. 49337.

In the Summary of Tariff Information, 1920, at page 514, the following statement appears:

\* \* \* *"Charts"* include articles of paper lithographically printed which exhibit in a pictorial manner the outlines, form, and mechanical features of a locomotive or an automobile, the various parts of which are shown on superimposed paper flaps so arranged that they may be turned back to show the interior mechanism. (4 Ct. Cust. Appls. 42, of 1913.) \* \* \*

In the Summary of Tariff Information, 1929, at pages 1866 and 1867, the following statement appears:

*Cardboard charts illustrating the working of the Diesel oil engine*, admitted to be advertising mediums, were held to be dutiable at 25 per cent, paragraph 1310 [Act 1922], rather than free, paragraph 1620. (Ab. (N) 596.) *Charts* claimed dutiable as *lithographic prints*, paragraph 1306, were held dutiable under paragraph 1310. (Ab. 50935, appeal dismissed, 14 Ct. Cust. Appls. 487.)

As the above reports of the Tariff Commission undoubtedly were brought to the attention of Congress when the tariff acts of 1922 and 1930 were under consideration, and as the same provision for "charts" was reenacted in both acts without change, it will, of course, be presumed that the interpretation placed thereon by this and the appellate court met with its approval and ratification.

Counsel for the plaintiff in his brief, however, cites the case of *United States* v. *Canadian National Railways*, 29 C. C. P. A. 272, C. A. D. 202, as supporting his claim and as being in direct conflict with the prior cases on lithographically printed charts insofar as the relative specificity of the two provisions of law is concerned.

In that case the merchandise consisted of lithographically printed tourist literature of bona fide foreign authorship, which was assessed for duty at the rate of 30 cents per pound under paragraph 1406 of the Tariff Act of 1930, as lithographs not exceeding twelve one-thousandths of 1 inch in thickness. The pertinent portions of said paragraph read as follows:

PAR. 1406. Pictures, calendars, cards, labels, flaps, cigar bands, placards, and other articles, composed wholly or in chief value of paper lithographically printed in whole or in part from stone, gelatin, metal, or other material (except boxes, views of American scenery or objects, and music, and illustrations when forming part of a periodical or newspaper, or of bound or unbound books, accompanying the same), not specially provided for, shall be subject to duty at the following rates: \* \* \* all articles other than those hereinbefore specifically provided for in this paragraph, not exceeding twelve one-thousandths of one inch in thickness, 30 cents per pound; \* \* \*

The importer claimed the merchandise dutiable at 7½ or 12½ per centum ad valorem as printed matter of bona fide foreign authorship, under paragraph 1410 of the said Tariff Act of 1930, as modified by the trade agreement with Canada (T. D. 49752).

Paragraph 1410 reads in part as follows:

PAR. 1410. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; all other, not specially provided for, 25 per centum ad valorem: *Provided*, That * * * books of paper or other material for children's use, printed lithographically or otherwise, not exceeding in weight twenty-four ounces each, with reading matter other than letters, numerals, or descriptive words, 15 per centum ad valorem; booklets, printed lithographically or otherwise, not specially provided for; 7 cents per pound * * *

Counsel for plaintiff in his brief, however, quotes from said decision of the court as follows:

Furthermore it seems to us that if the Congress had intended lithographically printed matter to be included in such "printed matter" as is provided for in paragraph 1410, it would not have expressly included therein lithographically printed matter consisting of views of landscapes, articles for children's use, and that in the form of booklets. We are of opinion from a reading of the paragraph, that Congress must have intended that "printed matter" as it appears in that paragraph was to exclude all matter lithographically printed except where it was expressly included it being specially provided for in paragraph 1406.

He then argues that under the above language lithographically printed charts are not dutiable as "charts" because the lawmakers did not add to the term the language "whether or not lithographed," as they did in the case of children's books, booklets, and views of American scenery.

We fail to see any special significance in the provisions for children's books, for booklets, and for views of landscapes, lithographically printed or otherwise, in said paragraph 1410, or that they in any way have any bearing on the classification of the charts under consideration. So far as we can see, they are simply special *eo nomine* designations carrying special and different rates of duty in the same way as for "charts," which said enumerated articles might otherwise be dutiable under the more general provisions of said paragraph as printed matter, or under paragraph 1406 as articles lithographically printed, according to whether they were lithographed or not.

As we read the decision of the appellate court in the *Canadian National Railways* case, *supra*, it is not at all inconsistent with the rule or principle in customs jurisprudence that in determining the classification of imported merchandise an *eo nomine* designation must, unless a legislative intent to the contrary is clearly indicated, be preferred to terms of general description and to enumerations which are broader in scope and less specific. Note *Brown & Co.* v. *United States*, 6 Ct. Cust. Appls. 415, T. D. 35977, and authorities therein cited.

The said trade agreement modification of the above tariff paragraph (T. D. 49752) reads as follows:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 1410 | Tourist literature containing historical, geographic, time table, travel, hotel, or similar information, chiefly with respect to places or travel facilities outside the continental United States: | |
| |     If of bona fide foreign authorship | 7½% ad val. |
| |     All other | 12½% ad val. |
| 1410 | Drawings, engravings, photographs, etchings, maps, and charts, containing additional text conveying historical, geographic, time table, travel, hotel, or similar information, chiefly with respect to places or travel facilities outside the continental United States | 12½% ad val. |

The only question for decision in said *Canadian National Railways* case was whether the tourist literature conceded to be articles composed wholly of paper lithographically printed and presumably of foreign authorship was dutiable as printed matter of bona fide foreign authorship under the general provision of said paragraph 1410, as modified and restricted by said trade agreement with Canada, or whether it was more properly dutiable under paragraph 1406 of said act of 1930 as articles printed lithographically, as assessed by the collector.

The appellate court quite properly held that the tourist literature intended to be described in the Canadian Trade Agreement modifying paragraph 1410 was tourist literature not lithographically printed, as said trade agreement was, of course, only intended to change the rate of duty on articles coming within the classification of that paragraph. This, of course, left the competing provisions between paragraph 1410 and paragraph 1406 of the act of 1930, as to which the court held that the expression "printed matter * * * not specially provided for" in paragraph 1410 was not as specific as paper articles "lithographically printed * * * not specially provided for" in paragraph 1406, for the reason that the latter was included in the former as a particular kind of printing, and that it was of no consequence whether or not the printed matter was of foreign authorship.

Charts are specially provided for by name in said paragraph 1410 without qualification, and under the rule just referred to that provision undoubtedly controls over the general descriptive terms "printed matter" or "articles lithographically printed."

We therefore can see no merit in plaintiff's claim nor do we think that the decision in the *Canadian National Railways* case, *supra*, was intended to bring about such result. In any event, the long-

established classification of lithographed charts under the *eo nomine* tariff designation of charts as against the general provision for articles. lithographically printed under the tariff acts of 1897, 1909, 1913, 1922, and 1930 must now be regarded as a fixed rule of construction under the doctrine of legislative approval of judicial interpretation, in the absence of any change in the law.

It follows from all of the foregoing that the claim of the plaintiff must be, and hereby is, overruled. Judgment will be rendered accordingly.